IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| 145 FISK, LLC, | ) |
|     Plaintiff, | ) |
| | ) Case No. 19 C 50093 |
| vs. | ) |
| F. WILLIAM NICKLAS, | ) Judge Philip G. Reinhard |
|     Individually, | ) |
|     Defendant. | ) |

## ORDER

For the reasons stated below, plaintiff's motion [14] to strike the exhibits or in the alternative be provided an opportunity to submit extraneous proofs is denied.

## STATEMENT

Plaintiff, 145 Fisk, LLC, brings this action against defendant, F. William Nicklas, City Manager of DeKalb, Illinois, in his individual capacity, claiming tortious interference with a business expectancy (Count I), First Amendment retaliation (Count II), denial of due process (Count III), defamation per se (Count IV), and defamation per quod (Count V). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Defendant moved [11] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and plaintiff moves [14] to strike the exhibits attached to defendant's motion to dismiss. The motion to dismiss was entered and continued generally [13] pending resolution of the motion to strike.

Plaintiff moves to strike the exhibits arguing they are extrinsic matter not included in the complaint and thus not properly considered on a 12(b)(6) motion. Defendant counters that the documents are referenced in the complaint and, therefore, properly considered on a motion to dismiss. Plaintiff argues that simply referencing documents in a complaint is not sufficient to allow defendant to include them with his motion to dismiss. Rather, plaintiff contends the documents must be central to the plaintiff's claim and that these documents are not.

The documents at issue are a preliminary development agreement ("Agreement") between the plaintiff and the City of DeKalb, Illinois ("DeKalb") and an agenda for a DeKalb city council meeting. The complaint alleges that the agenda, which plaintiff alleges was published by defendant to the city council is "full of material misstatements about Plaintiff, its principals, and the project, as reasons for voting against the project." (Dkt # 1, ¶ 66) The "project" is the renovation of certain property owned by plaintiff which was the subject of the Agreement. The agenda contains an item for a vote on a proposed resolution to terminate the

Agreement. This item contains a summary prepared by defendant and defendant's recommendation that the resolution terminating the Agreement be approved. Statements made in the agenda by defendant are alleged in the complaint to be defamatory. (Dkt # 1, ¶ 90) In the complaint, plaintiff quotes portions of the Agreement. (Dkt # 1, ¶¶ 54, 66, 71) Paragraph 71 of the complaint alleges: "Given the preliminary agreement language, wherein the Parties agreed and acknowledged that the Development Incentive 'is necessary in order to induce the project to occur, and **satisfies all requirements applicable to such incentive**,' plus three votes of confidence and the preliminary agreement entered into with the City, a reasonable expectancy of entering into a valid business relationship existed before Defendant Nicklas tortiously interfered." (emphasis in original).

"It is well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." Mueller v. Apple Leisure Corp., 880 F.3d 890, 895 (7th Cir. 2018) (quotation marks and citations omitted). It is evident from the quotations from the complaint set forth above that the agenda and the Agreement are both referenced in the complaint, that the agenda is central to, at least, the defamation claims and the Agreement is central to, at least, the business expectancy claim. Therefore, these documents are both properly included as exhibits in defendant's motion to dismiss.

Plaintiff asks to be provided an opportunity to "submit extraneous proofs". This request is vague and denied. However, plaintiff may attach to its response to the motion to dismiss copies of documents referenced in its complaint.

For the foregoing reasons, plaintiff's motion [14] to strike the exhibits or in the alternative be provided an opportunity to submit extraneous proofs is denied.

Date: 9/23/2019                ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)

2